# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JASON T. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CAUSE NO. 4:17-CV-39 |
| | ) |
| STATE OF INDIANA BUREAU OF | ) |
| MOTOR VEHICLES; TIPPECANOE | ) |
| COUNTY CIRCUIT COURT, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the application to proceed in district court without prepaying fees or costs, filed by Jason T. Myers, *pro se*, on May 9, 2017. For the reasons explained below, the request to proceed *in forma pauperis* ("IFP") is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an

immune defendant. 28 U.S.C. §1915(e)(2). If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

As to the financial prong of the analysis, at the time Plaintiff sought IFP status, he indicated that he was recently released from prison, unemployed, and without income. However, since then he has obtained full-time employment earning $12.00 per hour. The federal poverty guideline for a household of one is $12,060. HHS Poverty Guidelines, 82 Fed. Reg. 8831-32 (Jan. 31, 2017). The annualized value of Plaintiff's employment income is at least $24,000 – well above the federal poverty guideline. Thus, the Court finds that Plaintiff is not financially eligible to proceed IFP in this case, and the motion must be denied on that basis.

As to the merits prong of the analysis, the Plaintiff alleges that both the Indiana Bureau of Motor Vehicles and the Tippecanoe County Circuit Court violated his Fifth and Fourteenth Amendment Due Process rights. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Unfortunately for Myers, even giving his complaint the liberal construction to which he is entitled, his

claims fail because the suit is barred by the *Rooker-Feldman* doctrine, and because the Defendants he has named in this lawsuit are immune from suit.

While Myers has alleged that the BMV and Tippecanoe County Circuit Court have violated his constitutional rights, he is in essence asking this Court to review and reverse the BMV's determinations that he is a habitual traffic violator, and the decision to deny his petition for judicial review of the BMV's determination by the Tippecanoe County Circuit Court. *Rooker-Feldman* generally bars a district court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of that judgment." *Exxon Mobil v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from those judgments. If the injury resulted from the state court judgment itself, *Rooker-Feldman* directs that lower federal courts lack jurisdiction." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). In addition, even if the claim does not directly seek to set aside a state court judgment, "*Rooker-Feldman* precludes a federal action if the relief requested in the federal

action would effectively reverse the state decision or void its ruling." *Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998); *Taylor v. Federal Nat. Mortg. Ass'n,* 374 F.3d 529, 532-34 (7th Cir. 2004). "The basis of the *Rooker-Feldman* doctrine is that only the U.S. Supreme Court has been authorized by Congress to review decisions by state courts." *Van Harken v. City of Chicago*, 103 F.3d 1346, 1349 (7th Cir. 1997) (citations omitted). This Court has no jurisdiction to review the decisions of the Indiana state courts in Myers prior case, even if it was unconstitutional. *See Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) ("[N]o matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it.") (citation omitted); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions . . . even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court.") (citing 28 U.S.C. § 1257).

Even if Plaintiff's claims were not barred by *Rooker-Feldman*, to the extent he may seek monetary damages, his claims against the BMV are barred by sovereign immunity. The Constitution's Eleventh Amendment provides that: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the BMV. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987); *Roberts v. Indiana Bureau of Motor Vehicles*, No. 1:10-CV-0176-TWP-TAB, 2011 WL 6943092 at *1 (S.D. Ind. Dec. 15, 2011)(noting that "[t]he doctrine of sovereign immunity is embodied in the Eleventh Amendment and bars private lawsuits in federal court against nonconsenting states, state agencies, or state officials acting in their official capacities" and finding that the Eleventh Amendment barred the plaintiff's claims against the Indiana Bureau of Motor Vehicles.). While a State may elect to waive its Eleventh Amendment immunity, Indiana has not done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, the BMV is protected by Eleventh Amendment immunity.

Likewise, Meyers' claims against the Tippecanoe County Circuit Court would fail because the Tippecanoe County Circuit Court is protected from suit by absolute judicial immunity. Myers complains that the court denied several motions filed in an action he initiated seeking judicial review of the BMV's actions. Judges have absolute immunity for judicial acts which are within the jurisdiction of their court. This is true even if his "exercise of

authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Therefore the Tippecanoe County Circuit Court cannot be sued for the decisions its judges made in Plaintiff's case. This immunity extends to suits for injunctive relief. Section 1983 explicitly proscribes injunctive relief "in any action brought against a judicial officer for an actor omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Smith v. City of Hammond*, 388 F.3d 304, 307 (7th Cir. 2004). Myers does not allege that a declaratory decree was violated or explain why declaratory relief was unavailable. As such, even if this Court had jurisdiction over Myers' claims against the Tippecanoe County Circuit Court, it would be immune to the suit.

For the reasons set forth above, the request to proceed *in forma pauperis* ("IFP") is **DENIED** and this Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A.

**DATED: November 9, 2017**           /s/RUDY LOZANO, Judge
                                      **United State District Court**