UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JASON T. MYERS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:17-CV-39-TLS-APR |
| STATE OF INDIANA BUREAU OF MOTOR VEHICLES and TIPPECANOE COUNTY CIRCUIT COURT, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Relief from Judgment [ECF No. 8], Plaintiff's Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment [ECF No. 11], a Request for Opinion on the Motion to Amend Complaint [ECF No. 13], Plaintiff's Amended Verified Complaint for Deprivation of Liberty Without Due Process of Law [ECF No. 22], and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 23], all filed by Plaintiff Jason T. Myers without counsel. Because the Motion for Relief from Judgment is untimely, Plaintiff's request for relief is denied.

## BACKGROUND

These facts are taken from the Complaint and exhibits attached to the Complaint as well as the procedural history of this federal lawsuit. On February 9, 2012, the Indiana Bureau of Motor Vehicles (BMV) determined that Plaintiff Jason T. Myers was a Habitual Traffic Violator (HTV) and instituted a 10-year driving privilege suspension beginning on March 15, 2012. Pl.'s Compl. Exhs., pp. 24–25, ECF No. 1-1. The HTV determination was based on the three offenses

of Never Received a Valid License (offense date 07/09/1999; judgment date 01/27/2000), Never Received a Valid License (offense date 09/06/2001; judgment date 10/29/2002), and Operating Per Se with Alcohol Concentration of .08 or Above (offense date 10/02/2003; judgment date 06/28/2006). *Id.* at p. 24.

On November 24, 2015, the BMV received a request from Plaintiff for review of the HTV determination. *Id.* As a result, the BMV reviewed the determination for material error pursuant to Indiana Code § 9-30-10-6. *Id.* In a letter dated December 23, 2015, the BMV found that it had correctly determined Plaintiff to be an HTV, as defined by Ind. Code § 9-30-10-4(b), and that Plaintiff had been notified by letter dated February 9, 2012, of the determination and of the ten-year suspension that began on March 15, 2012. *Id.* at pp. 24–25. The 2015 letter advised Plaintiff of his right to file a petition for judicial review of the decision. *Id.* at p. 25. Plaintiff did so on February 29, 2016, filing a petition for review with the Tippecanoe County, Indiana, Superior Court. *See id.* at pp. 26, 27. The state court denied the petition because Plaintiff was serving a term of imprisonment, directing Plaintiff to notify the court of his anticipated release date from the custody of the Indiana Department of Correction. *See id.* at p. 26.

On August 9, 2016, Plaintiff filed a renewed "Verified Petition for Judicial Review of Administrative ("BMV") Action" with the state court. *Id.* at p. 1. Therein, Plaintiff requested that the state court "provide review of the Indiana Bureau of Motor Vehicle's ("BMV") action adjudicating Myers to be a habitual traffic violator and invoking a ten (10) year suspension and void/nullify the BMV's adjudication." *Id.* Plaintiff based the petition on "two separate issues which render the BMV determination void." *Id.* First, he argued that he was not given adequate notice in violation of Indiana Code § 9-30-10-5(a) because the notice was mailed to his last known address on file with the BMV rather than to the address available through court records,

*id.* at pp. 1, 4–6; second, he argued that the determination is estopped by laches due to the delay between the 2006 judgment on the violation for operating while intoxicated and the HTV determination in 2012, *id.* at pp. 1, 6–8. As a third related argument, Plaintiff contended that "[u]nder recent changes to Indiana law, [he] would not qualify to be a Habitual Traffic Violator for a ten (10) year suspension." *Id.* at p. 4.

On August 10, 2016, the state court denied Plaintiff's August 9, 2016 petition, addressing each of Plaintiff's arguments. *Id.* at p. 26. First, the court found that the BMV notice was not insufficient because the BMV strictly complied with the notice requirement required by Indiana law when it used Plaintiff's last known resident address. *Id.* Second, the court denied the request for relief based on the delay by the BMV in implementing the HTV suspension. *Id.* Third, the court found the change in state law irrelevant because the law in effect at the time of Plaintiff's HTV suspension provided for consideration of his convictions in determining his HTV status. *Id.* On August 22, 2016, Plaintiff asked the state court to reconsider the ruling, which the state court denied on August 31, 2016. *Id.* at pp. 27–28, 29. Plaintiff did not appeal the state court decision. *See* Case Summary for 79D06-1603-MI-000054, Jason Tye Myers v. Tippecanoe County Prosecutor, Bureau of Motor Vehicles, at mycase.IN.gov (last visited May 19, 2020).

On May 9, 2017, Plaintiff, without counsel, filed with this Court a Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law [ECF No. 1], brought pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges a violation of his due process rights under the Fourteenth Amendment to the United States Constitution both as to the HTV determination and resulting 10-year suspension and as to the review of that determination by the state court. Pl.'s Compl. pp. 1, 2, 7 (§ B.i), 9 (§ B.ii), ECF No. 1. Specifically, Plaintiff alleges that the HTV adjudication by the BMV is unlawful and a violation of his due process

3

rights because of the delay in imposing the ten-year suspension six years after the court adjudged him guilty of the third qualifying offense for the HTV determination. *Id.* at p. 2. He claims that the HTV adjudication is unlawful based on laches due to the delay and based on public policy related to the subsequent change in qualifying predicate offenses for the HTV determination. *Id.* at pp. 2, 5. He further claims that the state court violated his due process rights by failing to fully consider and apply Indiana state law. *Id.* at p. 9.

With his federal Complaint, Plaintiff also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. On November 9, 2017, then-presiding Judge Lozano issued an Opinion and Order [ECF No. 4], denying the Motion to Proceed In Forma Pauperis and dismissing Plaintiff's Complaint. The Court found that Plaintiff was not financially eligible to proceed in forma pauperis. Nov. 9, 2017 Opinion and Order, p. 2, ECF No. 4. In addition, under the merits prong of the analysis, the Court held that Plaintiff's claims failed because the suit is barred by the Rooker-Feldman doctrine. *Id*. at p. 3–4. In the alternative, the Court dismissed the Complaint because the Defendants named in the lawsuit are immune from suit. *Id.* at p. 2, 4–6. A Second Amended Judgment [ECF No. 7] was entered on November 15, 2017. Plaintiff did not file an appeal.

Sixteen months later, on March 18, 2019, Plaintiff filed the instant Motion for Relief from Judgment [ECF No. 8], asking the Court to reconsider its November 9, 2017 Opinion and Order under Federal Rule of Civil Procedure 60(b)(6). Plaintiff argues that the Rooker-Feldman doctrine does not apply in this case, that he should be permitted to amend the Complaint to name the Commissioner of the BMV as the defendant in order to pursue injunctive relief, and that claim preclusion does not bar his claim. On June 13, 2019, the case was reassigned to the undersigned as presiding judge. ECF No. 10.

On November 14, 2019, Plaintiff filed a Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment [ECF NO. 11]. Therein, Plaintiff again asks for leave to name the Commissioner of the Indiana BMV as the defendant.

On December 30, 2019, Plaintiff filed a Request for Opinion on Plaintiff's November 18th, 2019 Verified Motion [ECF No. 13], seeking a ruling on the previously filed motion.

On March 13, 2020, Plaintiff filed, without leave of court, an Amended Verified Complaint for Deprivation of Liberty Without Due Process of Law [ECF No. 22] and also filed a Motion to Proceed In Forma Pauperis [ECF No. 23].

## ANALYSIS

Plaintiff's March 18, 2019 Motion for Relief from Judgment is brought pursuant to Federal Rule of Civil Procedure 60(b)(6) and asks the Court to reconsider the November 9, 2017 Opinion and Order dismissing his complaint without prejudice. Judgment on that Opinion and Order was entered on November 15, 2017. The motion is denied as untimely because Plaintiff's arguments could have been brought on direct appeal and the time to appeal has long passed.

Federal Rule of Civil Procedure 60(b) "delineates six grounds upon which relief from a judgment can be granted." *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018); *see also* Fed. R. Civ. P. 60(b). Relevant to this motion are Rules 60(b)(1) and 60(b)(6). Under Rule 60(b)(1), relief can be granted based on "mistake, inadvertence, surprise, or excusable neglect," which allows a court to remedy its own mistakes. *See Pearson*, 893 F.3d at 984 (quoting Fed. R. Civ. P. 60(b)(1)); *Mendez v. Republic Bank*, 725 F.3d 651, 657, 659–60 (7th Cir. 2013). Rule 60(b)(6) provides for relief based on "any other reason that justifies relief." *Pearson*, 893 F.3d at 984 (quoting Fed. R. Civ. P. 60(b)(6)). Although "Rule 60(b)(6) vests wide discretion in courts, .

. . Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Motions under Rule 60(b) "must be made within a reasonable time," and a motion under Rule 60(b)(1) must be made no more than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Rules 60(b)(1) and 60(b)(6) "are mutually exclusive—Rule 60(b)(6), as a residual catchall, applies only if the other specifically enumerated rules do not." *Pearson*, 893 F.3d at 984 (citing *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998)).

In the instant motion, Plaintiff's principal argument is that the Court erred in applying the Rooker-Feldman doctrine in its November 9, 2017 Opinion. In other words, Plaintiff is attacking the merits of the Court's decision by asking the Court to remedy a legal error. Federal Rule of Civil Procedure 59(e) "permits a district court to entertain a motion to alter or amend judgment" based on "matters such as newly discovered evidence or a manifest error of law or fact." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* However, a Rule 59(e) motion must be brought no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Thus, to the extent Plaintiff's motion seeks relief available under Rule 59(e), the motion is untimely as it was filed sixteen months after the entry of judgment. However, an untimely Rule 59(e) motion "'automatically becomes a Rule 60(b) motion.'" *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742–43 (7th Cir. 2009) (quoting *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)); *see also Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 583 (7th Cir. 2012).

Turning to Rule 60(b), a motion under Rule 60(b)(1) may be brought based on "mistake, inadvertence, surprise, or excusable neglect" and allows a court to remedy its own mistakes. *Pearson*, 893 F.3d at 984; *Mendez*, 725 F.3d at 657, 659–60. Generally, "Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of special circumstances and not merely [the] erroneous application[] of law." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (alteration in original) (quoting *Russell*, 51 F.3d at 749). However, Rule 60(b)(1) may be used by a "district court to correct its own errors that could be corrected on appeal, at least if the motion is *not* a device to avoid expired appellate time limits." *Mendez*, 725 F.3d at 659 (emphasis added). Said differently, "[a] collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time" for appeal. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("To allow a ground that can be adequately presented in a direct appeal to be made the basis of a collateral attack would open the door to untimely appeals, the spectre that this case illustrates."). Thus, the strict time limits set out in Federal Rule of Appellate Procedure 4 for filing federal appeals may not be circumvented by the filing of a Rule 60(b) motion. *Mendez*, 725 F.3d at 659 (recognizing that "Rule 60(b) relief is appropriately denied when a party fails to file a timely appeal and the relief sought could have been attained on appeal"); *see also Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667–68 (7th Cir. 2014) (finding that the district court did not abuse its discretion in denying a Rule 60(b) motion that raised errors of fact and law that could have raised on a direct appeal when the plaintiff did not file either a timely Rule 59(e) motion or a notice of appeal and did not identify exceptional circumstances under Rule 60(b)(6) (citing *Mendez*, 725 F.3d at 659; *Bell*, 214 F.3d at 800)).

Here, Plaintiff did not file a timely appeal. The instant Rule 60(b) motion seeks relief based on an asserted error of law made by the Court in its November 2017 Opinion; this is grounds for relief both covered by Rule 60(b)(1) and that could have been raised on direct appeal. The instant motion was filed sixteen months after the entry of judgment, well after the time to appeal expired. *See* Fed. R. App. P. 4 ("In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). Thus, the Rule 60(b)(1) motion is denied as an untimely collateral attack on a final judgment after the time to appeal expired. Moreover, the motion was filed after the one-year deadline for motions under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(c)(1).

Finally, the Court turns to Rule 60(b)(6), invoked by Plaintiff, which requires a showing of "extraordinary circumstances." Fed. R. Civ. P. 60(b)(6); *see Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 891 (7th Cir. 2020) (noting that "[j]udgments may not be reopened under Rule 60(b) except in compelling and extraordinary circumstances" and that "[t]he need for finality of judgments is an overarching concern" (internal quotation marks omitted)). To determine whether "extraordinary circumstances" warrant relief under Rule 60(b)(6), a court "may consider a wide range of factors" including "the risk of injustice to the parties" and the "risk of undermining the public's confidence in the judicial process." *Buck*, 137 S. Ct. at 778 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)). A party may not avoid the time limit to appeal or of Rule 60(b)(1) by invoking Rule 60(b)(6). *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993); *Pearson*, 893 F.3d at 984.

In his motion, Plaintiff does not cite the standard for Rule 60(b)(6), and Plaintiff has not made, much less attempted to make, a showing of extraordinary circumstances. Rather, the three arguments raised in the motion are ordinary arguments challenging the legal basis of the Court's

November 2017 Opinion that could have been raised under Rule 59(e) or Rule 60(b)(1) or on direct appeal. Plaintiff's arguments as to the applicability of the Rooker-Feldman doctrine and, in the event the ruling on the Rooker-Feldman doctrine were reversed, as to the naming of a different defendant and the applicability of claim preclusion are legal arguments based on information and facts that were available to Plaintiff within the time to file a direct appeal. Arguments such as these that could have been raised on direct appeal do not constitute "'extraordinary circumstances' that might warrant relief under Rule 60(b)(6)." *Banks*, 750 F.3d at 668 ("The narrow operation of [Rule 60(b)(6)] reinforces our interest in barring the use of Rule 60(b)(6) as a substitute for direct appeal."). Finally, the Rule 60(b)(6) motion was not brought within a "reasonable time" because, as set forth above, it is an untimely collateral attack on a final judgment after the time to appeal expired. *See Mendez*, 725 F.3d at 660 ("[A] Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time.").

      Accordingly, the Court denies the Motion for Relief from Judgment [ECF No. 8]. After filing the Motion for Relief for Judgment and while awaiting a ruling, Plaintiff filed a Motion to Amend Complaint [ECF No. 11], seeking to name the Commissioner of the BMV as the defendant in order to pursue injunctive relief. In the Seventh Circuit Court of Appeals, "it is 'well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made *and the judgment has been set aside or vacated.*'" *Vesely v. Armslist LLC*, 762 F.3d 661, 666–67 (7th Cir. 2014) (quoting *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1992); citing *Amendola v. Bayer*, 907 F.2d 760, 765 n.1 (7th Cir. 1990)). Because the Court denied Plaintiff's Rule 60(b) motion and, as a result, the judgment has not been set aside or vacated, the Court

denies the Plaintiff's Motion to Amend Complaint [ECF No. 11]. As a result, the Court strikes Plaintiff's Amended Verified Complaint for Deprivation of Liberty Without Due Process of Law [ECF No. 22] and denies as moot Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 23].

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Motion for Relief from Judgment [ECF No. 8], DENIES Plaintiff's Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment [ECF No. 11], GRANTS the Request for Opinion on Motion to Amend Complaint [ECF No. 13], and DENIES as moot the Motion for Leave to Proceed In Forma Pauperis [ECF No. 23]. The Court STRIKES Plaintiff's Amended Verified Complaint for Deprivation of Liberty Without Due Process of Law [ECF No. 22].

SO ORDERED on May 19, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT