## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

JASON T. MYERS,

        Plaintiff,

        v.                           CAUSE NO.: 4:17-CV-39-TLS-APR

STATE OF INDIANA BUREAU OF
MOTOR VEHICLES and TIPPECANOE
COUNTY CIRCUIT COURT,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's second Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment [ECF No. 25-2], filed on June 10, 2020[1] and the associated Addendum to Plaintiff's Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment; Coupled with Motion for Court Order on Pending Motions [ECF No. 26], filed on August 17, 2020.[2]

The Court has already denied two of the Plaintiff's Motions seeking to amend his Complaint. *See* May 19, 2020 Op. & Order, ECF No. 24 (denying the Plaintiff's Motion for Relief from Judgment [ECF No. 8] and the Plaintiff's first Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due

---

[1] The main document [ECF No. 25] is cut off midway through, and the "Supplement Corrected Motion," added on August 6, 2020, is the Plaintiff's full motion.

[2] The Court is also in receipt of the Letter from the Plaintiff [ECF No. 27]. The letter requests that the Court issue a ruling on the Motions at issue; as the Court is doing so, the letter is moot.

Process of Law and/or Motion for Relief from Judgment [ECF No. 11]). The Court explained at some length in that Opinion and Order that the Plaintiff had not adequately argued for setting aside the Second Amended Clerk's Entry of Judgment [ECF No. 7], reflecting the Court's November 9, 2017 Opinion and Order denying the Plaintiff leave to proceed in forma pauperis and dismissing his complaint without prejudice.

The Plaintiff's second Verified Motion argues, and his Addendum clarifies, that the Plaintiff is "unclear" whether the November 9, 2017 Order is a final order because the dismissal was without prejudice. *See* Verified Motion 9, ECF No. 25-2; Addendum 2 ¶ 6, ECF No. 26.

The November 9, 2017 Order dismissed the Plaintiff's Complaint because the Court found that it lacked subject matter jurisdiction based on the *Rooker-Feldman* doctrine. Op. & Order 3–4, ECF No. 4 (discussing the *Rooker-Feldman* doctrine and how it bars the Plaintiff's claims). Such a dismissal is properly without prejudice. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 678 (7th Cir. 2017) ("The right disposition, when the *Rooker-Feldman* doctrine applies, is an order . . . dismissing the suit for lack of subject matter jurisdiction. Such a dismissal cannot be with prejudice; that's a disposition on the merits, which only a court with jurisdiction may render. A dismissal pursuant to *Rooker-Feldman* must therefore be without prejudice.") (internal citations and quotations omitted). However, such a dismissal is still a final, appealable order. *See Banks v. Sec'y of Ind. Family & Soc. Servs. Admin.*, 997 F.2d 231, 237 (7th Cir. 1993) ("This court has jurisdiction over this appeal because dismissal of an action for lack of subject matter jurisdiction is a final judgment."). Therefore, notwithstanding that the dismissal was without prejudice, it was a final order. As such, it would need to be set aside to amend the Complaint in this action.

The Plaintiff does briefly argue, in the alternative, that even if the November 9, 2017 Order is final, that Federal Rule of Civil Procedure 60(b)(4), (5), or (6) might apply such that the judgment could be set aside. However, the judgment is neither void nor satisfied such that Federal Rule 60(b)(4) or (5) would apply, and the Court's May 19, 2020 Opinion and Order details why Rule 60(b)(6) does not apply, reasoning the Plaintiff does not negate here.

Based on the foregoing, the Court hereby DENIES Plaintiff's Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment [ECF No. 25] and associated Addendum to Plaintiff's Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment; Coupled with Motion for Court Order on Pending Motions [ECF No. 26].

SO ORDERED on February 25, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3