UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JASON T. MYERS,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF INDIANA BUREAU OF<br>MOTOR VEHICLES and TIPPECANOE<br>COUNTY CIRCUIT COURT,<br><br>        Defendants. | CAUSE NO.: 4:17-CV-39-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Reconsideration of Plaintiff's Requests for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or motion for Relief from Judgment [ECF No. 35]. For the reasons below, the Motion is DENIED.

The Plaintiff filed his original Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law on May 9, 2017 [ECF No. 1]. The Plaintiff also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. The Court, in ruling on the Motion to Proceed In Forma Pauperis, dismissed the original Complaint for lack of subject matter jurisdiction, as the claim was barred by the Rooker-Feldman doctrine [ECF No. 4]. The order of dismissal was entered November 9, 2017, and the Second Amended Judgment was entered on November 15, 2017 [ECF No. 7].

More than a year later, the Plaintiff filed three post-judgment motions seeking relief from this Court from the November 9, 2017, Order of Dismissal, styled respectively as a Motion for Relief from Judgment; a Verified Motion for Permission to Amend Plaintiff's Verified

Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment; and a Request for Opinion on Plaintiff's November 18th, 2019 Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment [ECF Nos. 8, 11, and 13]. Before this Court had ruled on those pending motions, the Plaintiff attempted to appeal those Motions, in his first Notice of Appeal [ECF No. 15], filed January 21, 2020. The Seventh Circuit dismissed that appeal [ECF No. 21], as there was nothing to review at that time. After the Seventh Circuit's dismissal, the Court denied the Plaintiff's pending post-judgment Motions [ECF No. 24], on May 19, 2020.

The Plaintiff filed two new post-judgment motions on June 10, 2020, and August 17, 2020: the Plaintiff's second Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment [ECF No. 25-2], and the associated Addendum to Plaintiff's Verified Motion for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or Motion for Relief from Judgment; Coupled with Motion for Court Order on Pending Motions [ECF No. 26]. Before the Court ruled on either of those motions, the Plaintiff filed his second Notice of Appeal [ECF No. 28] on January 19, 2021. The Court denied the pending motions [ECF No. 33], and the Seventh Circuit again dismissed the appeal for lack of jurisdiction [ECF No. 34].

Thus, the Plaintiff's pending Motion for Reconsideration amounts to his fourth attempt to have the Court review its original dismissal. In his Motion, the Plaintiff argues this Court should have provided him an opportunity to amend his complaint and to explain how the Rooker-Feldman doctrine was not a bar to his suit, again challenging the Court's original November 9,

2017, Opinion and Order dismissing his complaint. *See* Pl.'s Mot. at 5. However, as the Court has explained in previous orders denying similar motions, the November 9, 2017, Opinion and Order was a final Order. The Plaintiff did not challenge that Order in a timely fashion; he did not appeal it within thirty days, nor did he file a Motion for Reconsideration under Rule 60(b) in a reasonable timeframe. "That courts are required to give liberal construction to pro se pleadings is well established. However, it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (internal citations omitted). The Court has reviewed all documents filed in this action; but neither the documents nor the case law excuses the Plaintiff's failure to comply with procedural rules. The time to challenge the original order has long passed, and despite two previous Court orders explaining Rule 60(b) and its limitations, the Plaintiff continues to attempt to challenge the November 9, 2017, Opinion and Order through improper procedural methods.

Therefore, the Plaintiff's Motion for Reconsideration of Plaintiff's Requests for Permission to Amend Plaintiff's Verified Complaint for Deprivation of Property and Liberty Without Due Process of Law and/or motion for Relief from Judgment [ECF No. 35] is DENIED. Given that this is the Plaintiff's fourth such motion, and the Court's third Opinion and Order explaining its denial, the Plaintiff is CAUTIONED that if he continues to file documents in this closed case, the Court may impose sanctions, including filing restrictions and/or monetary sanctions.

SO ORDERED on April 28, 2021.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT